FARMERS SECURITY BANK of PARK RIVER, NORTH DAKOTA, a Corporation, Respondent, v. C. R. VERRY and Hattie L. Verry, His Wife, Appellants.

(172 N. W. 867.)

**Deeds — delivery — delay in recording.**

In this case it appears that during four years defendant C. R. Verry was cashier of the bank. By neglect of duty, and by wilfully permitting several accounts to be largely overdrawn, and by discounting and receiving many worthless notes, he became indebted to the bank in the sum of about $9,000.

To secure the same he and his wife made to the bank four deeds of real property. At his request the deeds were not put on record for five days, and in the meantime Verry did not keep good faith with the bank. He made to an insurance company a mortgage for $9,000, which was first recorded, and the bank lost the security given by three of the deeds. On the fourth deed the bank realized $2,700.26, and gave the cashier proper credit for the same, but his wife unjustly claims the money on the ground that Verry was not authorized to deliver the deeds, except to secure some insurance notes.

Opinion filed April 29, 1919.

Appeal from the District Court of Grand Forks County; Honorable *Chas. M. Cooley,* Judge.

Modified and affirmed.

*W. S. Lauder,* for appellants.

When there exists doubt as to the delivery of a deed, the true situation may always be shown by parol. Burke v. Dulaney, 38 L. ed. 698, and cases cited; 17 Cyc. 642, and cases cited in note 46; Branson v. Oregonian R. Co. (Ore.) 2 Pac. 86; Davies v. Jones, 16 C. B. 625; Hallis v. Littel, 11 C. B. N. S. 369; Wilson v. Powers, 131 Mass. 539; Pawling v. United States, 4 Cranch, 219; 2 Taylor, Ev. 8th. ed. § 1135.

The officials of the bank were chargeable with notice of Mr. Verry's authority concerning the deed. Merchants' Nat. Bank v. Ohio Co. (W. Va.) 50 S. E. 880. See also the following authorities: Dowden v. Cryder (N. J.) 26 Atl. 941; Tiedeman, Com. Paper, § 92; North River Bank v. Aymer, 3 Hill, 262; Stainer v. Tysen, 3 Hill, 279; Voltz v. Blackmar, 64 N. Y. 440; Stainback v. Reed, 62 Am. Dec. 648.

See also the case of Park Hotel Co. v. Fourth Nat. Bank, 86 Fed. 742. The opinion in this case is by Judge Sanborn and is an instructive case upon the point here under consideration.

See also: Rohrburg v. Express Co. (W. Va.) 50 S. E. 398; Gulick v. Grover, 33 N. J. L. 463, 97 Am. Dec. 728. On principle, the following authorities are in point: Northern Trust Co. v. First Nat. Bank, 25 N. D. 74, s. c. 33 N. D. 1.

*E. Smith-Petersen* and *McIntyre & Burtness,* for respondent.

"A delivery may be presumed from the grantee's possession of the instrument, in the absence of proof to the contrary." Brittain v. Work

(Neb. 14 N. W. 421; Parker v. Parker (Iowa) 8 N. W. 806; Hancock v. Dodd (Tenn.) 36 S. W. 742; American v. Frank (Iowa) 17 N. W. 464; N. D. Comp. Laws 1913, § 5497; Sargent v. Cooley, 12 N. D. 1; Ueland v. More Bros. (N. D.) 133 N. W. 543.

"There is no allegation of insolvency of either the plaintiff or principal debtor, or any other fact or circumstance to bring the demand within the principles of equity jurisprudence. N. D. Rev. Codes 1913, § 7449; Roberts v. Donavan (Cal.) 9 Pac. 180; Clark v. Sullivan, 2 N. D. 105.

Mrs. Verry gave the deed for her husband's benefit to secure his debt or liability to the bank, and cannot set up any secret understanding to defeat the deed. Ueland v. More, 133 N. W. 543; People's State Bank v. Francis, 8 N. D. 369.

So far as the homestead is concerned she did not occupy a more favorable position. People's State Bank v. Francis, 8 N. D. 369, 79 N. W. 853; Omlie v. O'Toole, 112 N. W. 677; Carroll County v. Ruggles, 69 Iowa, 275; Taylor Co. v. King (Iowa) 34 N. W. 775; Blume v. Bowman, 24 N. C. (2 Ired. L.) 338; Page v. Krekey, 21 L.R.A. 409, and note; Bank v. Boddicker, 45 L.R.A. 321, and note; Hendry v. Cartwright, 8 L.R.A.(N.S.) 1056, 89 Pac. 309.

ROBINSON, J. For several years the defendant was the cashier of the bank. The complaint charges, and it is a fact, that in his capacity as cashier he did wilfully permit numerous accounts to be overdrawn in large sums, and that he discounted and received many worthless promissory notes, some of which were given for his own use and benefit. While the findings of the trial court are mainly and justly in favor of the defendant, still several findings are against him, and so he appeals to this court.

The trial court found that the total amount of losses and damages sustained by the plaintiff was the sum of $8,506.52, on which the defendant was given credit for the proceeds of a quarter section of land, amounting to $2,700,26, and for services, $366,25; and he was charged with the net balance of $5,353.36, for which judgment was entered, with costs, amounting to $746.52.

. The costs are clearly excessive and unreasonable, and a large part

of the cost was made in trying to prove groundless charges against the defendant Verry, who was to a great extent the prevailing party. He successfully defended against the great bulk of the claims charged against him. Hence, the costs item must be divided in two parts and only one part allowed as costs.

Aside from the question of costs, three matters were argued and submitted: (1) The first relates to the delivery of four deeds, marked exhibits 4, 5, 6, and 7, made by the defendants to T. Johnson, as grantee. (2) The second relates to the claim of defendant Mrs. Verry to recover from the bank $2,700.26, the price of a quarter section which she conveyed to the bank, and which it sold and gave credit on the account against her husband. (3) The third is in regard to the delivery of certificates to the bank for fifteen shares of stock.

Verry claims that at the time when he resigned as cashier of the bank the four deeds were given by himself and wife to secure insurance notes amounting to $10,000, and no more; that the conditions of the delivery were to be shown by a written agreement, which the bank refused to make and sign after obtaining actual possession of the deeds and the stock certificates. The assignment and delivery of the stock certificates stand in the same category as that of the deeds. It is claimed that the deeds were duly made and the certificates were duly assigned and left by C. R. Verry in the bank on the bank counters, or in the actual possession of the bank; that the evidence is not sufficient to disprove a delivery of the same and the equities are all in favor of a delivery to secure the sums justly due by Verry to the bank. It is fair to presume that Verry was disposed to close his dealings with the bank by giving security to pay the sums justly due, though he properly refused to sign an agreement pledging the deeds and securities for more than the sums due.

The four deeds, exhibits 4, 5, 6, and 7, were made at the same time and in the same manner. Each deed bears date, September 20, 1913, and is made by C. R. Verry and Hattie Verry, his wife, to T. Johnson. The express consideration is $1. Each deed is witnessed by the same parties and acknowledged before the same notary public on September 22, 1913, and recorded September 27, 1913. Though the deeds are thus made and signed by "C. R. Verry and Hattie L. Verry, his wife," as if he were the owner of the land, still it is claimed that

T. Johnson and the bank are chargeable with notice that the wife owned the land described in one deed, and that she did not consent to her husband delivering that deed only as security for certain insurance notes. However, it is not fair to assume that any person is chargeable with notice of all the little confidential talks between a husband and wife. Manifestly the deeds were given into the hands of the husband for the purpose of using and delivering the same to secure some debts. The deed in question was made and acknowledged at the same time as the three other deeds, without any reservation or limitation. Hence, it is fair to assume that the matter of delivery was entirely intrusted to the husband. Such was his ostensible authority. An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be the agent who is not really employed by him. Comp. Laws. § 6324. The deed was so executed as to indicate that the husband owned the land. There is no claim that the bankers did anything to deceive or mislead Mrs. Verry. Indeed they had no knowledge of any dealings with her. The proof is positive that Verry did deliver the four deeds. "He brought them into the bank and put them down on the counter and said, 'Here are the deeds.'" At request of Verry the deeds were not put on record for five days, and in the meantime Verry did not keep good faith with the bank. He gave a mortgage for nearly $9,000, which was first put on record and wholly defeated the security given by three of the deeds. Exhibit 58 is a letter dated April 5, 1914, addressed to Thomas Johnson and the bank. It certifies that he has agreed to sell the S.W.¼ 9-156-54 and to make Houska a deed of the same. It concludes thus:

The title to said land has been conveyed to you in trust. I demand that you deed the same to Mike Houska upon payment to you of the purchase price agreed upon, from which is to be deducted the existing liens and encumbrances.—

C. R. Verry.

The signature is manifestly genuine. The conveyance was made, and, after deducting encumbrances, Verry was given credit for the balance of $2,700.26, which is the sum now claimed by his good wife. Furthermore the court does not give credit to the testimony of Verry and his wife.

There is no occasion for any waste of words. Except on the question of costs, the judgment of the trial court is clearly and unquestionably right, and it is affirmed. And in regard to the costs of the appeal, it is hard to say which party is most to blame for the long and expensive appeal record, and hence the judgment is that neither party recover any costs of the appeal. The judgment is accordingly modified so as to award plaintiff costs amounting to $373.26, and affirmed, without costs on appeal.

GRACE and BRONSON, JJ., did not participate, Honorable W. L. NUESSLE, Judge of Sixth Judicial District, sitting in their stead.